IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20349
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDELMAR OROZCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-314-1
--------------------
April 14, 2000

Before WIENER, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Fidelmar Orozco appeals from the judgment entered after he pleaded guilty to conspiracy to possess heroin and two counts of possession of heroin with intent to distribute.

Orozco argues that his conviction cannot be affirmed until the record is supplemented with a page missing from the indictment. The Government included the missing page in its record excerpts, and Orozco has not filed a reply brief or responded in any other way to the production of the missing page. Accordingly, we conclude that Orozco has abandoned any argument

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relating to the sufficiency of the indictment.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).[1]

Orozco argues that the district court erred when, despite his objections, it did not require the Government to produce evidence in support of information contained in the presentence report (PSR).  As he concedes, however, we have previously held that a defendant's failure to present any evidence in support of his objections means that the sentencing court is "free to adopt [the PSR's] findings without further inquiry or explanation." United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

AFFIRMED.

_____

[1] We note that Orozco "[bore] the burden of creating the record on appeal."  United States v. Coveney, 995 F.2d 578, 587 (5th Cir. 1993).